1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

SOUND FREIGHT LINES, INC.,
a Washington corporation,

                                        IN ADMIRALTY

                    Plaintiff,

        v.                              NO.

BEAN ENVIRONMENTAL, LLC, a Delaware
limited liability company, BEAN MERIDIAN      COMPLAINT FOR MONIES DUE
HOLDINGS, LLC, a Delaware limited liability
company, STUYVESANT INVESTMENTS,
INC., a Delaware corporation,

                    Defendants.

18      Plaintiff Sound Freight Lines, Inc. states and alleges as follows:

19                              **I**

20              **JURISDICTION, PARTIES, AND VENUE**

21      1.      This is an action within the admiralty and maritime jurisdiction of this Court

22  pursuant to 28 U.S.C. § 1333 and Federal Rule of Procedure 9(h).

23      2.      At all pertinent times, plaintiff Sound Freight Lines, Inc. was, and still is, a

24  corporation organized and existing under the laws of the State of Washington, with its principal

25  place of business in Seattle, Washington.

26

COMPLAINT FOR MONIES DUE - 1

ATTORNEYS AT LAW
**BAUER MOYNIHAN & JOHNSON LLP**
2101 FOURTH AVENUE - SUITE 2400
SEATTLE, WASHINGTON 98121-2320
(206) 443-3400

3.     At all pertinent times, after reasonable investigation, and upon information and belief, defendant Bean Environmental, LLC was, and still is a limited liability company existing under the laws of the State of Delaware with its principal place of business in New Orleans, Louisiana.  The foregoing notwithstanding, counsel for Bean Dredging, LLC (a related entity with common ownership) has recently represented that Bean Environmental is "no longer an active entity," making direct suit against Bean Environmental's members appropriate.  Upon information and belief, Bean Environmental's only members are/were Bean Meridian Holdings, LLC and Stuyvesant Investments, Inc.

4.     At all pertinent times, upon information and belief, defendant Bean Meridian Holdings, LLC was, and still is a limited liability company existing under the laws of the State of Delaware with its principal place of business in New Orleans, Louisiana.

5.     At all pertinent times, upon information and belief, defendant Stuyvesant Investments, Inc. was, and still is, a corporation existing under the laws of the State of Delaware with its principal place of business in Stone Harbor, New Jersey.

6.     Venue is proper in the Western District of Washington, as this is an action arising from a contract entered into and involving commerce in the State of Washington.

7.     Venue is also proper in the Western District of Washington pursuant to the terms of the "Time Charter Agreement" ("Agreement", attached hereto as EXHIBIT A) to which defendant(s) was/were a signatory.

## II

## FACTS

8.     On May 10, 2004, plaintiff and defendant Bean Environmental, LLC entered into the Agreement, a Standard Time Charter Party, for transportation of defendant's cargoes from Belle Chasse, Louisiana to Tacoma, Washington.  The Agreement involved two separate voyages from the aforementioned origin and destination, the first of which involving the

COMPLAINT FOR MONIES DUE - 2

utilization of the tug LAUREN FOSS and the barge MARMAC 12, and the second of which involving the utilization of the tug LAMADONNA and the barge DELTA CARRIER.

9.      On or around August 8, 2004 plaintiff had completed rendering of towage services to defendant as specified in the Agreement.

10.     Section 2.B of the Agreement established, and continues to establish, that the price of fuel and engine lubricants consumed by the tugs shall be deemed included within the cargo unit hire rate with the assumption of fuel price at $1.00 per gallon, with adjustments to be made upward or downward based on the actual fuel cost above or below the assumed price.

11.     The value of the fuel consumed by the LAUREN FOSS was $49,140.46, as shown in the attached documentation provided by Foss Maritime (EXHIBIT B).

12.     The value of the fuel consumed by the LAMADONNA was $48,893.87, as shown in the attached documentation provided by Louisiana International Marine (EXHIBIT C).

13.     To date, defendants have not paid any amount owing.

14.     According to the Agreement, unpaid charges for all services, including fuel charges, were to accrue 1% interest per month from the date due until time of payment.  Payment was due in full at the completion of each voyage.  The voyage of the LAUREN FOSS ended June 22, 2004.  Therefore, defendants owe sixty-nine (69) months (and counting) of accrued interest in the amount of $48,496.45 for the voyage of the LAUREN FOSS.  As the tow of the DELTA CARRIER was completed on August 8, 2004, defendants owe sixty-seven (67) months (and counting) of accrued interest in the amount of $46,301.01 for the voyage of the LAMADONNA.

### III

### FIRST CAUSE OF ACTION

*Breach of Contract and Attorney's Fees*

15.     Plaintiff restates and incorporates the above allegations as causes of action.

COMPLAINT FOR MONIES DUE - 3

ATTORNEYS AT LAW
**BAUER MOYNIHAN & JOHNSON LLP**
2101 FOURTH AVENUE - SUITE 2400
SEATTLE, WASHINGTON  98121-2320
(206) 443-3400

16.     Defendants breached the Agreement by failing, without limitation, to pay plaintiff for the fuel surcharge as documented by EXHIBIT B and EXHIBIT C.

17.     As a direct, foreseeable and proximate result of defendants' breach of the Agreement, plaintiff has been damaged in an amount to be proven at trial, including without limitation the amount of the invoices for fuel surcharges and interest, as well as all penalties, pre- and post-judgment interest, attorneys' fees and costs incurred by plaintiff per the terms of the Agreement.

## IV

## SECOND CAUSE OF ACTION

### *Unjust Enrichment*

18.     Plaintiff realleges and incorporates the statements and allegations above.

19.     As a result of their failure to perform, as agreed, defendants have been unjustly enriched at plaintiff's expense and are therefore indebted to plaintiff for all amounts paid by plaintiff for the cost of fuel above the assumption of fuel price, including, without limitation, pre- and post-judgment interest, penalties, attorneys' fees and costs incurred by plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that the Court award damages and relief against defendants as follows:

1.      That plaintiff be awarded $192,831.79 for the fuel surcharges and interest as enumerated above, plus any additional interest bearing on said sum(s) from the date of the filing of this Complaint.

2.      That plaintiff be awarded all reasonable costs as well as attorneys' fees as called for in the Agreement and to the extent permitted by law.

3.      That the Court award such other and further relief as it may deem just and proper.

//

//

COMPLAINT FOR MONIES DUE - 4

1     DATED this Friday, April 30, 2010 at Seattle, Washington.

2

3                                  BAUER MOYNIHAN & JOHNSON LLP

4

5

                                 James H. Bauer, WSBA No. 5541

6                                 Mark A. Krisher, WSBA No. 39314

7                                 Attorneys for Plaintiff Sound Freight Lines
                                 2101 Fourth Avenue, Suite 2400

8                                 Seattle, Washington  98121
                                 Telephone:  (206) 443-3400

9                                 Fax:  (206) 448-9076
                                 E-mail:  jhbauer@bmjlaw.com

10                               E-mail:  makrisher@bmjlaw.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR MONIES DUE - 5